BENJAMIN BARENSON, PLAINTIFF-RESPONDENT, v. BARNEY ZARITSKY, DEFENDANT-APPELLANT.

Submitted January 27, 1933—Decided July 10, 1933.

Before Justices BODINE and DONGES.

For the appellant, *Barnett Berr.*

For the respondent, *Max L. Rosenstein.*

PER CURIAM.

This is an appeal from a judgment of the Passaic County Circuit Court entered upon the assessment of damages by a jury, after the entry of judgment interlocutory by default.

The action was in replevin, the writ and complaint having been served July 27th, 1931. There was a motion to strike the complaint which was denied in part and granted in part. The defendant re-replevined and gave bond to the sheriff. No answer was filed by defendant, due, it is said, to neglect in the office of his attorneys. Judgment interlocutory by

default was entered. A rule to show cause why the judgment should not be opened was allowed and discharged after the taking of testimony thereon.

Trial for the assessment of damages was had before a jury. At the trial it developed that some of the goods mentioned in the writ were not in the possession of defendant when the writ was served. The trial court admitted evidence of the value of these goods, permitted the jury to include them in the assessment, and of its own motion directed an amendment to the complaint to add a count for the conversion of these goods.

Defendant moved to dismiss the complaint, which was denied, and now argues that after the disposition of the motion to strike the complaint, he should have been ruled to plead. This is not so. However, this action is not the subject of any ground of appeal.

1. The first point is that it was error to deny the application to open the default judgment. However, there was no abuse of discretion in this action.

2. That it was error to permit the assessment of damages without requiring plaintiff to prove his right to possession. That question was settled by the entry of the default judgment.

3. That it was error to admit in evidence a copy of the demand for the chattels in place of the original. No claim is made of any inaccuracy. There was no harmful error in this.

4. That it was error to permit the plaintiff to testify as an expert. There was evidence to qualify him and, this being a court question, there was no error.

5. That it was error to admit testimony as to the value of the goods no longer in the possession of the defendant. This will be dealt with later under point 9.

Points 6 and 7 have to do with admission and rejection of testimony and seem not to be substantial.

Point 8 challenges a statement of the court to the jury that there was evidence of malice in the case. This was true, because there was evidence of the mutilation of records from which the jury might infer a malicious intent to defraud the plaintiff of his property.

9. That it was error to amend the complaint to add a count for conversion. This embraces point 5 as to the admission of testimony on this subject. We are of the opinion that this was error. The complaint was in replevin alleging unlawful detention of plaintiff's property. The purpose of the trial was to assess the value of such goods as the sheriff actually seized under the writ. The issues of title and unlawful detention were settled by the interlocutory judgment. At the trial, evidence was taken of the value of goods and at the end of the trial the amendment was permitted. It is true that the Practice act permits amendments setting up new causes of action at the trial, but the facts developed must form a basis for such amendments. In the present case there can be no such facts, because all the questions other than the value of the chattels were determined by the default of defendant in not answering. There was no charge of conversion in the complaint, and, therefore, there could be no admission of it by failure to answer. Nor could a count for such conversion be included in a replevin action.

This requires a reversal and a new trial confining the issue to the value of the goods replevined.